## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Andrew B. Arnett
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Patrick D. Keith,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 24, 2015

Court of Appeals Cause No.
73A05-1412-CR-575

Appeal from the Shelby Circuit Court

The Honorable Charles D. O'Connor, Judge

Trial Court Cause No.
73C01-1301-FD-13 and
73C01-1304-FB-27

**Barnes, Judge.**

# Case Summary

Patrick Keith appeals his aggregate sentence of twenty and one-half years, three of which were suspended to probation, for Class B felony possession of methamphetamine, Class D felony possession of methamphetamine, Class D felony possession of a controlled substance, Class A misdemeanor possession of paraphernalia, and for being an habitual substance offender. We affirm.

# Issue

Keith raises one issue, which we restate as whether his sentence is inappropriate.

# Facts

In January 2013, police executed a writ of attachment on Keith in Shelby County for his failure to pay child support. During a pat down of Keith, the arresting officer found a glass pipe, pills, and a baggie containing methamphetamine in his pockets. The State charged Keith with Class D felony possession of methamphetamine, Class D felony possession of a controlled substance, and Class A misdemeanor possession of paraphernalia in Cause No. 73C01-1301-FD-13 ("FD-13"). After Keith was released on bond, an information alleging he was an habitual substance offender was filed.

In April 2013, while out on bond, police were investigating the purchase of pseudoephedrine by a woman who indicated that she traded Keith

pseudoephedrine for methamphetamine, when they encountered Keith outside of a family housing complex. During the encounter, Keith took a baggie containing methamphetamine from his pocket and gave it to the officers. The State charged Keith with Class B felony possession of methamphetamine and alleged that he was an habitual substance offender in Cause No. 73C01-1304-FB-27 ("FB-27").

[5] Keith pled guilty to all the charges and he admitted to the habitual substance offender allegations in an open plea. The trial court considered as aggravating Keith's criminal history and the fact that he was on bond when he committed the FB-27 offense. The trial court considered Keith's guilty plea as mitigating.

[6] For FD-13, the trial court sentenced Keith to two and one-half years on each of the Class D felony charges and to one year on the misdemeanor charge. The trial court enhanced the possession of methamphetamine charge by three years for Keith's status as an habitual substance offender and ordered the sentences to be served concurrently for a total executed sentence of five and one-half years.

[7] For FB-27, the trial court sentenced Keith to twelve years, with three years suspended to probation and enhanced by three years for his habitual substance offender status, for a sentence of fifteen years executed and three years suspended to probation. The trial court ordered the sentence to be served consecutive to the FD-13 sentence for a total of twenty and one-half years, with seventeen and one half years executed and three years suspended. Keith now appeals.

# Analysis

Keith argues that his sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Appellate Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

The principal role of Appellate Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crimes, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224.

[10] Regarding the nature of the offenses, we acknowledge that Keith's offenses are not particularly egregious. However, Keith did commit the FB-27 offense while out on bond from the FD-13 offense. Further, although he denied making methamphetamine, Keith acknowledged that he was providing the ingredients needed to make methamphetamine in exchange for the drug. Also, the probable cause affidavit indicates that he engaged the help of others to obtain the ingredients.

[11] Moreover, Keith's character, particularly his criminal history, supports his sentence notwithstanding his guilty pleas. Twenty-nine-year-old Keith's criminal history includes a juvenile adjudication for what would have been misdemeanor possession of marijuana and adult criminal convictions for Class D felony causing serious bodily injury while operating a motor vehicle while intoxicated, Class A misdemeanor possession of marijuana, Class B misdemeanor disorderly conduct, two counts of Class D felony resisting law enforcement, Class B misdemeanor criminal mischief, Class B misdemeanor public intoxication that endangers the person's life, Class A misdemeanor criminal trespass, and Class D felony possession of a controlled substance. A review of his numerous criminal charges he faced over the years shows that most of the offenses involved alcohol or drugs. Further, Keith was given the benefit of probation three times in the past, and it was revoked every time. Under these circumstances, we are not convinced that Keith's aggregate sentence of twenty and one-half years, with three years suspended, is inappropriate.

# Conclusion

Keith has not established that his sentence is inappropriate in light of the nature of the offenses and the character of the offender. We affirm.

Affirmed.

Riley, J., and Bailey, J., concur.